FILED
 2013 Jun-18  AM 10:48
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM B. CASHION NEVADA SPENDTHRIFT TRUST; STEVEN MARK HAYDEN, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  CASE NO. 2:13-CV-0286-SLB<br>) |
| ROBERT S. VANCE, JR., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 6.)[1] Plaintiffs, the William B. Cashion Nevada Spendthrift Trust and Steven Mark Hayden, have sued defendant, Robert S. Vance, Jr., Circuit Judge for the Jefferson County Circuit Court – Birmingham Division, alleging violations of the Due Process Clause of the Fourteenth Amendment based on defendant's entry of four orders in the underlying state-court case[2] before the case was assigned to him. (*See* doc. 1 ¶¶ 76-90.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 6), is due to be granted and this case is due to be dismissed with prejudice.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]*Cashion, et al. v. Hayden, et al.*, Case No. CV-2012-000209.00.

Plaintiffs contend, "Defendant Vance deprived Plaintiffs of [their] constitution[al] right to due process under the color of law when Plaintiffs were subjected to orders entered without authority or jurisdiction." (Doc. 1 ¶ 76.) Specifically, they contend, "Four times Vance usurped the authority of the Circuit Court Judge Houston Brown by pretending to be the judge in the [state] court case," and "Vance has no immunity as the acts complained of (entry of four orders without judicial authority or jurisdiction) were not judicial acts." (*Id*. ¶¶ 78, 88.) These four orders were entered by defendant after Judge Brown entered an order asking that the case be reassigned to the Circuit Court's Commercial Litigation Docket [CLD] but before the case was reassigned CLD. (*Id*. ¶¶ 10, 13, 14, 21, 31, 32.) Defendant generally is assigned all cases on the CLD; the underlying state court case was assigned defendant when it was added to the CLD. (*Id*. ¶¶ 24, 33; doc. 1-2 at 10.) The four orders entered by defendant before the case was reassigned were (1) an order granting a TRO, (2) an order extending the TRO, (3) an order concerning the submission of counsel's motions to withdraw, and (4) an order granting the motions to withdraw. (Doc. 1-3 at 2-7, 9, 11.) Each order was signed by defendant as "Circuit Judge," each contained the style of the case, and was filed in the Circuit Court of Jefferson County, Birmingham Division. (*Id*.)

Plaintiffs contend:

> The orders entered by [defendant] were not judicial acts because [defendant] had no official capacity relating to the [underlying state-court] case in which to act. [Defendant] had not been assigned to the case. [His] relationship to this case at the time the orders were entered was nothing more than a bystander. He was not a party to the case, he was not a witness to the facts of the case, he was not assigned as the judge to the case, and he was not the

>presiding judge over the circuit wherein the case was filed. He had no official relationship with this case. Therefore, the orders he entered were under the color of law but outside of [defendant's] judicial capacity.

(Doc. 1 ¶ 89.)

### A. INDIVIDUAL CAPACITY – JUDICIAL IMMUNITY

Defendant contends that he is entitled to judicial immunity. (Doc. 6 at 2, 7.) The court agrees. The Supreme Court has held, "[O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988); *Stump v. Sparkman*, 435 U.S. 349, 356-57, 360 (1978); *Bradley v. Fisher*, 13 Wall. 335, 351 (1871))(internal citations omitted). For the reasons set forth below, the court finds that the four orders signed by defendant before the underlying state-court case was assigned to him were judicial acts for which the Circuit Court had subject matter jurisdiction. Therefore, defendant is entitled to judicial immunity as to plaintiffs' claim against him in his individual capacity.

**1. Judicial Acts**

To determine whether a particular act is a "judicial act" the court considers "the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 13 (citing *Stump*, 435 U.S. at 362.) "In other words, [the court] look[s] to the particular act's relation to a

general function normally performed by a judge," *id.*; that is, "whether [the particular act] is a function normally performed by a judge, and to the expectations of the parties," and "whether [the parties] dealt with the judge in his judicial capacity," *Stump*, 435 U.S. at 362.

> In determining whether [defendant's] actions were "judicial in nature," this Court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. . . . In some situations, immunity is to be afforded even though one or more of the . . . factors is not met.

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)(citing *McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972) and *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). "Succinctly stated, . . . ***only*** . . . when it is beyond reasonable dispute that a judge has acted out of ***personal*** motivation and has used his judicial office as an offensive weapon to vindicate ***personal*** objectives, and it further appears certain that ***no party has invoked the judicial machinery for any purpose at all***, then the judge's actions do not amount to 'judicial acts.'" *Harper v. Merckle*, 638 F.2d 848, 859 (5th Cir. Unit B Mar. 1981)(emphasis added).[3]

Considering these factors compels a finding that defendant's entries of the four orders were judicial acts. "[R]esolving disputes between parties who have invoked the jurisdiction of a court" are "paradigmatic judicial acts." *See Forrester v. White*, 484 U.S. 219, 227

---

[3]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

(1988). Each of the four orders were entered in response to pending motions in the underlying state-court case; clearly, plaintiffs have not alleged that defendant acted even though "no party had invoked the judicial machinery" of the court. *See Harper*, 638 F.2d at 859. Each order was signed by defendant as "Circuit Judge," each contained the style of the underlying state-court case, and each was entered and docketed in the underlying state-court case. Nothing in the Complaint and Amendment alleges or implies that defendant acted from a personal motive or to vindicate a personal objective. *See id.* The court finds that these orders are the "type[s] of act[s] normally performed only by judges" and defendant entered these orders "in his capacity as a Circuit Court Judge." *See Stump*, 435 U.S. at 362.

Therefore, the court finds the four orders at issue are clearly and unequivocally judicial acts.

**2. Subject-Matter Jurisdiction**

"Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Takuma Owuo-Hagood v. Sullivan*, 388 Fed. Appx. 953, 954-55 (11th Cir. 2010)(citing *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005)).[4] "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously,

---

[4]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

5

maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id*. (citing *Dykes v. Hosemann*, 776 F.2d 942, 947-48 (11th Cir. 1985)). Plaintiffs do not argue that the Circuit Court of Jefferson County lacked subject-matter jurisdiction over the state-court action; rather they contend that defendant lacked subject matter jurisdiction because the state-court case had not been assigned to defendant at the time he entered the four orders at issue.

In Alabama, "The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law." Ala. Const. Art. VI, § 142 (Ala. Const. Amend. No. 328). Therefore, the Circuit Court of Jefferson County, Birmingham Division, has subject-matter jurisdiction of the underlying state-court case against plaintiffs.

"[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly," and "[a] distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject matter." *Bradley*, 13 Wall. at 351. "Where the court has jurisdiction, it is the court, and not the particular judges thereof, that has jurisdiction over a particular cause, controversy and the parties thereto." *See Kruckenberg v. Powell*, 422 So. 2d 994, 995-96 (Fla. App. 5th Dist. 1982); *see also Ex parte Montgomery*, 79 So. 3d 660, 668 n.4 (Ala. Civ. App. 2011).

The court has found no Alabama case directly on point with the situation in this case. However, in a recent decision, the Alabama Court of Civil Appeals noted that

6

"Subject-matter jurisdiction generally lies with a court . . . and not with a specific judge sitting on that court;" therefore, the orders of a Circuit Court Judge were not void for lack of subject-matter jurisdiction "simply because, as far as we can tell from the materials provided by the parties, [the case] was never formally reassigned to [the Circuit Court Judge]." *Montgomery*, 79 So. 3d at 668 n.4. In another case, the Alabama Supreme Court addressed a situation in which "two trial judges" had "issue[d] competing orders" in a single case "while sitting in the same judicial circuit." *Ex parte Metropolitan Life Insurance Company*, 707 So. 2d 229, 233 (Ala. 1997). Despite an opportunity to do so, the court declined to rule that one judge had jurisdiction or to otherwise resolve the dispute on defendant's mandamus petition. *Id*. The court noted that both judges could issue orders and that the presiding judge should resolve the conflict. *Id*. These Alabama cases indicate that subject-matter jurisdiction does not vest with a particular judge to the exclusion of other judges on the Circuit Court.

Citing a decision from the Northern District of Mississippi, *Sowers v. Darby*, plaintiffs contend, "Defendant acted in the clear absence of subject matter jurisdiction as the case was not pending before him." (Doc. 8 at 7 [citing *Sowers v. Darby*, No. 2:07CV11-SA-SAA, 2009 WL 742730 (N.D. Miss. March 17, 2009)].) However, the *Sowers* case did not involve a judge ruling in a case, pending before his court, to which he had not been assigned; in fact the claims arose from an underlying state court case that was assigned to the defendant judge. The issue in *Sowers* was whether the defendant judge, sitting in the Justice Court in Tunica

County, Mississippi, had jurisdiction to impose a particular sentence on plaintiff. The case had nothing to do with case docketing or assignments. Indeed, plaintiffs have not cited to any authority to support their assertion that a state-court judge of a court of general jurisdiction in which the case is pending does not have subject-matter jurisdiction to enter an order in a pending case that is not assigned to him or her.

The court finds that the Circuit Court of Jefferson County had jurisdiction over the state-court action brought against plaintiffs. Therefore, defendant, as a Circuit Court Judge of the court in which the underlying state-court case was pending, did not act in the clear absence of all jurisdiction when entering the four orders at issue before the case was formerly assigned to him.

Defendant is entitled to judicial immunity in his individual capacity for plaintiffs' claim for monetary damages and declaratory relief.[5] Defendant's Motion to Dismiss plaintiffs' § 1983 claim against defendant in his individual capacity will be granted and the claim dismissed with prejudice.

---

[5] The court notes that judicial immunity is not available for claims for prospective injunctive relief. However, plaintiffs' Complaint and Amendment make no such claims. (*See* doc. 1 at 18-19 [asking for $25 million in damages, attorneys' fees and costs, a preliminary injunction to prevent defendant from ruling in the underlying state-court case until the instant action is resolved, and a declaratory judgment that defendant violated plaintiffs' due process rights]; doc. 5 at 3 [same].)

**B.  OFFICIAL CAPACITY – ELEVENTH AMENDMENT IMMUNITY**

The court notes that plaintiffs' claim appears to be asserted against defendant only in his personal capacity.[6] However, to the extent plaintiffs' Complaint and Amendment can be read as asserting a claim against defendant in his official capacity, defendant is entitled to Eleventh Amendment immunity.

The Eleventh Amendment to the United States Constitution provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  This Amendment bars suits against the State brought by its own citizens as well as suits brought by the citizens of another State.  *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot

---

[6]Plaintiffs claim is based upon allegations that defendant entered four orders before the underlying state-court case was assigned to him.  They do not allege that the State or the Circuit Court has a policy or practice that caused the alleged deprivation of their due process rights.  *See Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1060 (11th Cir. 1992)("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.  Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.  In other words, a plaintiff in an action against a government official in his personal capacity can recover only against the official's personal assets.  The assets of the governmental entity are not accessible.  The reverse is true in an official capacity lawsuit. Furthermore, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.  In an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law.")(internal quotations and citations omitted).  Nevertheless, the court will assume plaintiffs intended to allege a § 1983 claim against defendant in his official capacity.

9

be sued directly in its own name regardless of the relief sought," *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978)(per curiam)), or in the name of its agent in his official capacity, except for prospective injunctive relief, *id*. at 165-66. Section 1983 contains no Congressional abrogation of the States' Eleventh Amendment immunity and Alabama has not waived its immunity. *See Carr v. City of Florence*, 916 F.2d 1521, 1524-25 (11th Cir. 1990).

Circuit Judges are state officers. *See Caffey v. Alabama Supreme Court*, 469 Fed. Appx. 748, 751 (11th Cir. 2012); *In re Opinions of Justices*, 143 So. 345, 345 (Ala. 1932)(citing *State ex rel. Montgomery v. Merrill*, 117 So. 473, 474 (Ala. 1928)("a circuit judge is a state official, constituting a very important part of the judicial machinery of the state")). Therefore, to the extent plaintiffs have asserted a claim against defendant in his official capacity as an agent of the State of Alabama, such claim is due to be dismissed with prejudice as barred by the Eleventh Amendment.

Defendant's Motions to Dismiss will be granted and plaintiffs' claim against defendant in his official-capacity will be dismissed.[7]

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that defendant is entitled to judicial immunity and Eleventh Amendment immunity from plaintiffs' claims against him.

---

[7]Because the court finds that plaintiffs' claim against defendant is due to be dismissed based on judicial and Eleventh Amendment immunity, it pretermits discussion of the additional grounds for dismissal raised by defendant.

An Order granting defendant's Motion to Dismiss, (doc. 6), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 18th day of June, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE